IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2116-BO

| | | |
|---|---|---|
| LOURETHA MAE KING, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| BIANCA HARRIS, | ) | |
| Respondent. | ) | |

Louretha Mae King ("petitioner") petitions this court for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254. Respondent moved for summary judgment based on untimeliness and the

filing of the petition outside the statute of limitations period (D.E. # 15). 28 U.S.C. § 2244(d)(1).

Petitioner responded to the pending motion (D.E. # 18), and the matter is ripe for determination.

I.    Background

Petitioner is a prisoner of the State of North Carolina. On April 20, 2005, in the Superior

Court of Wayne County petitioner was convicted following a trial by jury of thirteen counts each of

forgery, uttering a forged instrument, and obtaining property by false pretenses. (Supporting

Mem., Ex. 1 at 1, 37-50) Several of the convictions were consolidated and petitioner was

sentenced to thirteen consecutive terms of ten to twelve months' imprisonment. (Id. at 53-78)

Petitioner was represented at trial by Mr. Charles Gurley. (Id. at 53)

Petitioner noticed an appeal to the North Carolina Court of Appeals. On June 20, 2006, the

court vacated ten of petitioner's thirteen forgery convictions and ten of petitioner's thirteen uttering

convictions. State v. King, 178 N.C. App. 122, 630 S.E.2d 719 (2006). The court further held

that other than the vacated convictions, petitioner received a fair trial, free from error. Id., at 133.

On November 8, 2006, petitioner was re-sentenced on three counts forgery, three counts of

uttering, and thirteen counts of obtaining property by false pretense. (Supporting Mem., Ex. 5) The

Superior Court re-sentenced petitioner to thirteen, consecutive terms of nine to eleven months' imprisonment. (Id.)

On or about May 29, 2007, petitioner filed a motion for appropriate relief (MAR) in the North Carolina Superior Court, Wayne County. (Id., Ex. 6; see Ex. 7) On August 8, 2007, the Superior Court denied the MAR. (Id., Ex. 7) On August 27, 2007, petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the Superior Court's order denying her MAR. (Id., Ex. 8; State's Resp. at Ex. 9) On August 31, 2007, the North Carolina Court of Appeals denied the certiorari petition. (Id., Ex. 10) On November 27, 2007, petitioner filed a second MAR, this time in the North Carolina Court of Appeals. (Id., Ex. 11; State's Resp. at Ex. 12) On December 7, 2007, the North Carolina Court of Appeals dismissed petitioner's MAR. (Id., Ex. 13)

On June 27, 2008, petitioner filed a "Motion for Resentencing Hearing" in the Superior Court (Id., Ex. 14) which the court denied on July 10, 2008 (Id., Ex. 15). On or about July 28 2009, petitioner filed a "Motion to Modify Sentencing," which does not appear to have been ruled upon by the Superior Court. (Id., Ex. 16) On January 13, 2010, Petitioner filed another MAR in the North Carolina Superior Court (Id., Ex. 17) which was denied on February 3, 2010 (Id., Ex. 18).

On March 24, 2010, Petitioner filed another "Motion to Modify Sentencing." (Id., Ex. 19). The Superior Court construed the motion as a state petition for writ of habeas corpus and MAR, and denied it on May 5, 2010. (Id., Ex. 20) On March 31, 2011, Petitioner filed a motion entitled "First Amendment to the Motion for Appropriate Relief." (Id., Ex. 21) The Superior Court construed the motion as a state petition for writ of habeas corpus and MAR, and denied it on May

2

4, 2011. (Id., Ex. 22) Petitioner submitted this federal habeas petition under § 2254 to this court on June 25, 2010.

II. **Issues**

Petitioner raises one issue in this petition, that her forgery indictments were defective.

III. **Discussion**

Respondent argues that the petition should be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application . . is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from the

3

initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

Petitioner's case became final for purposes of direct appellate review on November 22, 2006, i.e., 14 days after petitioner's November 6, 2006, re-sentencing judgments from which petitioner filed no appeal. See, Gonzalez v. Thaler, ___ S.Ct. ___ , 2012 WL 43513 (2012); see N.C. R. App. P. 4(a)(2) (2009) (fourteen days to serve notice of appeal). See also, Burton v. Stewart, 549 U.S. 147, 156, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment.").

Thereafter, petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) ran from November 22, 2006, for 188 days until May 29, 2007, when petitioner filed her MAR. See N.C.G.S. § 15A-1420(a)(3) (2009) ("A written motion for appropriate relief [MAR] must be filed in the manner provided in G.S. § 15A-951(c).") and N.C.G.S. § 15A-951(c) (2009) ("All written motions must be filed with the court. Proof of service must be made by filing with the court a certificate: (1) By the prosecutor, attorney or defendant making the motion that the paper was served in the manner prescribed, or (2) Of acceptance of service by the prosecutor, attorney or defendant to be served. The certificate must show the date and method of service or date of

4

acceptance of service."); see Houston v. Lack, 487 U.S. 266, (1988); see also Byrson v. Harkleroad, 2010 U.S. Dist. Lexis 32376, p.9 (W.D.N.C. April 1, 2010) ("There appears to be no corresponding 'prison mail box rule' for filing MARs in state court, as there is for filing appeals in federal court."), appeal dismissed, 2010 U.S. App. Lexis 26219 (4th Cir. December 27, 2010); Doak v. Quarterman, 271 Fed. Appx. 466, 467 (5th Cir. 2008) (declining to extend the prison "mail box rule" to state post-conviction filings); Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007) (declining to apply mailbox rule to Texas court filings where Texas did not recognize a mailbox rule for habeas actions); Garcia v. Shanks, 351 F.3d 468, 471 (10th Cir. 2003) (declining to apply mailbox rule to New Mexico state filings because New Mexico does not apply the mailbox rule to state filings); Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003) (declining to extend the mailbox rule to the determination of filing dates for state post-conviction applications where state supreme court had rejected the rule). Petitioner's one year period then remained tolled through the denial of the MAR on August 8, 2007, until August 31, 2007, when the North Carolina Court of Appeals denied the certiorari petition. See Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000) (gap between denial of MAR and filing of certiorari petition tolled absent Petitioner's unreasonable delay in filing certiorari petition).

Petitioner's one-year period then resumed and fully expired 177 days later on February 24, 2008, i.e., 177 + 188 = 365. Because nothing was in place on that date to toll the expiration of the limitations period, the petition is out of time. The MAR filed on November 27, 2007, was not a properly filed post-conviction proceeding and did not act to toll the running of the statute. See N.C.G.S. § 15A-1413, -1415, 1418, 1420 and 1422; Sse Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("properly filed" state post-conviction application must be filed in accordance with state rules

concerning form of document, applicable time periods and proper court and office for filing). The matter is dismissed as untimely.

## IV.     Certificate of Appealability

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

V.    Conclusion

Accordingly, Respondent's Motion for Summary Judgment (D.E. #*9* *15*) for dismissal of the

habeas corpus petition as untimely is GRANTED and the matter is DISMISSED.  The certificate of

appealability is DENIED.  The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this _____ day of February 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7